CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 27 2010

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT A. UNGER, | ) | Civil Action No. 7:10-cv-00469 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ANTHONY ROPER, et al., | ) | By: Hon. James C. Turk |
| Defendants. | ) | Senior United States District Judge |

Plaintiff Robert A. Unger, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Sheriff Anthony Roper and Bruce Conover, Superintendent of the Northwestern Regional Adult Detention Center. Plaintiff alleges that the defendants maliciously prosecute him, harass him, falsely imprisoned him, and committed trespass and entrapment. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice as frivolous.

I.

Plaintiff alleges the following facts in his complaint and prior actions about the same circumstances.[1] Defendant Feltner broke open the door of plaintiff's property on April 19, 2010, allegedly in response to a call from plaintiff to emergency services. After responding to Feltner's questions, Feltner charged plaintiff with making an annoying or harassing call to emergency services, in violation of Virginia law. On July 9, 2010, Deputy Curtis trespassed on plaintiff's property and called plaintiff names. Deputy McDonald committed perjury by filing a criminal complaint against plaintiff for resisting arrest on July 22, 2010.

---

[1] See Unger v. Roper, No. 7:10-cv-00374 (W.D. Va.); Unger v. Conover, No. 7:10-cv-00384 (W.D. Va.); Unger v. Roper, No. 7:10-cv-00396 (W.D. Va.).

On September 16, 2010, a state court determined that plaintiff was guilty of making annoying calls to emergency services and obstructing justice, in violation of Virginia law. The state court sentenced plaintiff to serve twelve months' incarceration with another twelve months suspended. Plaintiff requests as relief $180,000 for mental anguish and false imprisonment. Plaintiff argues that he had probable cause to call emergency services and that he is actually innocent of these charges.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, plaintiff fails to allege any facts against defendant Conover. Furthermore, a malicious prosecution claim under § 1983 "is simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution." Lambert v. Williams, 223 F.3d 257, 262 (4th Cir. 2000). See Brooks v. City of Winston-Salem, 85 F.3d 178 (4th Cir. 1996). See also Graham v. Connor, 490 U.S. 386, 396-97, 399 (1989) (stating injury is objective and malice is not an element under the Fourth Amendment). The plaintiff must demonstrate both an unreasonable seizure and a favorable termination of the criminal proceeding flowing from the seizure to succeed on a malicious prosecution claim. Lambert, 223 F.3d at

261-62. The favorable termination element establishes the time from which the claim accrues for purposes of the statute of limitations. Id. at 262 n.3. However, plaintiff cannot establish favorable termination because he is still incarcerated for the charges of which he complains. Because there has not yet been a favorable outcome in the proceedings, as necessary to support plaintiff's malicious prosecution claim, plaintiff fails to allege a violation of a constitutional right.

Moreover, "civil tort actions are simply not appropriate vehicles for challenging the validity of outstanding criminal judgments." Harvey v. Horan, 278 F.3d 370, 374-75 (4th Cir. 2002) (internal quotation marks omitted). Permitting civil actions to be used "for that purpose would undercut the long-standing concern not to undermine the finality of criminal convictions through civil suits." Id. at 375. Therefore, the court must consider whether a judgment in favor of the plaintiff in this action would necessarily imply the invalidity of his conviction or sentence; if it would, the court must dismiss the complaint unless the plaintiff can demonstrate that the conviction or sentence has already been favorably terminated. Heck v. Humphrey, 512 U.S. 477, 487 (1994). See Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (holding that Heck applies to § 1983 and Bivens actions). Favorable termination occurs when "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . ." Heck, 512 U.S. at 487.

Success on plaintiff's claims clearly would imply the invalidity of his current confinement because he essentially argues actual innocence of the crimes for which he is incarcerated: if it were not for the defendants' alleged unlawful acts depriving plaintiff of his

4

constitutional rights, he would not have been convicted. Plaintiff cannot prove favorable termination because he is still convicted and serving a sentence for the crimes for which he seeks monetary relief.[2] Therefore, plaintiff's action is frivolous because he clearly cannot show favorable termination while still serving the sentence imposed for the conviction from which he seeks relief. Accordingly, the court dismisses the complaint without prejudice as frivolous for seeking a meritless legal theory, namely the reversal of the favorable termination requirement of Heck, pursuant to 28 U.S.C. § 1915A(b)(1). See Omar v. Chasanow, 318 F. App'x 188, 189 (4th Cir. March 18, 2009) (per curiam) (modifying district court's dismissal with prejudice under Heck to be dismissed without prejudice to allow plaintiff to refile if favorable termination occurs). See also McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)).

Accordingly, the court declines to exercise supplemental jurisdiction over any state-law claims related to the allegations in the complaint, pursuant to 28 U.S.C. § 1367(c), and dismisses the complaint without prejudice.

III.

For the foregoing reasons, the court dismisses the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff may refile his claim at the time of his choice after favorable termination occurs.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This _27th_ day of October, 2010.

James C. Turk
Senior United States District Judge

---

[2]Plaintiff does not allege that habeas remedies are not available to him.

5